UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GENEVA PITCHER                                     CIVIL ACTION

VERSUS

TIMITHIA HALL, ET AL.                              NO. 20-00150-BAJ-SDJ

RULING AND ORDER

Before the Court is Plaintiff's **Motion For Leave Of Court To File Amended And Supplemental Complaint (Doc. 17)** and Defendants' **Motion to Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) (Doc. 4)**. Both motions are opposed. (Doc. 13; Doc. 19). For the reasons stated herein, Plaintiff's Motion (Doc. 17) is **GRANTED** and Defendants' Motion (Doc. 4) is **DENIED AS MOOT**.

I. **Plaintiff's Motion for Leave To File Amended And Supplemental Complaint**

Plaintiff seeks leave to amend her Complaint. (Doc. 17). Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts have liberally construed Rule 15(a)(2) in favor of amendment. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). The United States Court of Appeals for the Fifth Circuit explained, "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims

1

on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Id.* at 598 (internal citations omitted).

Generally, when a plaintiff seeks to amend her complaint following a motion to dismiss, "the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." *La. v. Bank of Am. Corp.*, No. CV 19-638-SDD-SDJ, 2020 WL 3966875, at *2 (M.D. La. July 13, 2020) (internal citations omitted) (granting plaintiff's motion for leave and denying defendants' motions to dismiss as moot). Here, the "preferred course" is appropriate because this case is in its infancy and Plaintiff raises new allegations in her Amended Complaint intended to cure the alleged defects cited in Defendants' Motion to Dismiss.[1] (*See* Doc. 13, p. 1 (Plaintiff argues in her Opposition to Defendants' Motion to Dismiss that her proposed amendment "provides the alleged missing causal and elemental links, the lack of which provided fuel for Defendants' 12(b)(6) motion")).

Defendants' argument that Plaintiff's proposed Amended Complaint would not survive a Rule 12(b)(6) motion does not persuade otherwise. (Doc. 19); *see Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Par. Gov't*, No. CV 16-12910, 2016 WL 4429953, at *2 (E.D. La. Aug. 22, 2016) (given the new allegations and claims in the amended complaint, it would be more efficient to deny pending motions

---

[1] The Court previously granted Plaintiff's Motion to Continue this matter to provide Plaintiff additional time to obtain new counsel and respond to Defendants' pending Motion to Dismiss. (Doc. 5; Doc. 8). Less than a month after Plaintiff's new attorney enrolled as counsel of record, Plaintiff filed the instant Motion for Leave to Amend. (Doc. 11; Doc. 17). Although this case has been pending since March 2020, given its procedural history, Plaintiff filed her Motion for Leave before the parties began discovery or even submitted a status report.

2

to dismiss as moot and allow defendants to file renewed motions, addressing the amended complaint). Accordingly, the Court will grant Plaintiff's Motion for Leave to File an Amended and Supplemental Complaint. (Doc. 17).

Plaintiff's proposed Amended Complaint, however, is not comprehensive. (Doc. 17-2). Instead, following her new claims and factual allegations, Plaintiff simply "reiterates and re-urges all of the allegations which were set forth in her original Complaint as if copied herein in extenso." (*Id.* at p. 4). Because an amended complaint "[g]enerally . . . supersedes the original complaint" and becomes the operative pleading, the Court's practice has been to require that any amended Complaint be comprehensive. *See McAdams v. Receivable Recovery Servs., LLC*, No. CV 19-00248-BAJ-EWD, 2020 WL 1237011, at *1 (M.D. La. Mar. 13, 2020). The Amended Complaint should be complete and make no reference to or adopt any portion of the prior complaint. Accordingly, Plaintiff must file a comprehensive version of her Amended Complaint within seven days of the issuance of this Order.

## II. Defendants' Motion to Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6)

Courts vary in approach when a plaintiff amends her complaint while a Rule 12 motion is pending. *See Melson v. Vista World Inc. & Assocs.*, No. CIV.A. 12-135, 2012 WL 6002680, at *12 (E.D. La. Nov. 30, 2012). Nonetheless, "many district courts — including those in this Circuit — routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint." *La. v. Bank of Am. Corp.*, No. CV 19-638-SDD-SDJ, 2020 WL 3966875, at *5 (M.D. La. July 13, 2020) (citing *Garcia v. City of Amarillo, Tex.*,

3

No. 2:18-CV-95-D-BR, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018), *report and recommendation adopted*, No. 2:18-CV-095-D, 2018 WL 6268222 (N.D. Tex. Nov. 30, 2018), at *1 ("[A]n amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint."); *Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.") (additional citations omitted)). While a court may apply a pending Rule 12 motion to a newly amended complaint, it should nonetheless deny the pending motion as moot if that application "would cause confusion or detract from the efficient resolution of the issues . . ." *Rodgers on Behalf of CJTJ v. Gusman*, No. CV 16-16303, 2019 WL 186669 at *2 (E.D. La. Jan. 14, 2019) (In that situation, "it makes sense to require the defendant to file a new motion specifically addressing the amended complaint.").

Here, Plaintiff's Amended Complaint contains new claims and factual allegations intended to cure the defects cited in the Motion to Dismiss. (Doc. 17-2). To promote the efficient resolution of this matter, the Court will deny Defendants' pending Motion to Dismiss as moot. (Doc. 4). The Court will permit Defendants to re-urge their Motion if, after thoroughly reviewing the comprehensive version of the Amended Complaint, Defendants still believe Plaintiff has failed to state a claim.

4

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion For Leave Of Court To File Amended And Supplemental Complaint (Doc. 17)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a comprehensive version of her Amended Complaint within seven days of the issuance of this Ruling and Order. Once the comprehensive version of the Amended Complaint is filed, it will serve as the operative pleading.

**IT IS FURTHER ORDERED** that Defendants' **Motion to Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) (Doc. 4)** is **DENIED** without prejudice **AS MOOT**.

Baton Rouge, Louisiana, this 11th day of March, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA