UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GENEVA PITCHER                                         CIVIL ACTION

VERSUS

TIMITHIA HALL, ET AL.                                  NO. 20-00150-BAJ-SDJ

## RULING AND ORDER

Before the Court is Defendants Timithia Hall, GEO Reentry Services, LLC, and The GEO Group, Inc.'s **Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) (Doc. 25)**. The Motion is opposed. (Doc. 26). Defendants filed a Reply Memorandum. (Doc. 27). For the reasons stated herein, Defendants' Motion is **GRANTED IN PART.**

I.   BACKGROUND

This case arises out of Plaintiff's alleged wrongful termination. (Doc. 24, p. 6). Plaintiff alleges that her former employer, GEO, is a government contractor that provides reentry services to persons newly released from prison. (*Id.* at ¶¶ 1–2). Plaintiff contends that GEO's reentry services are funded in part by a federal grant authorized under the American Recovery and Reinvestment Act of 2009 ("ARRA"). (*Id.* at ¶ 6). As such, Plaintiff argues that GEO is subject to the provisions of the ARRA that hold a government contractor liable for reprisal against an employee who reports mismanagement of funds. (*Id.*).

Plaintiff alleges that she reported violations of company policy that occurred at the direction of her supervisor, Timithia Hall. (*Id.* at ¶¶ 7–8). As a result of

1

Plaintiff's alleged reports, Plaintiff contends that she was defamed and terminated from her employment in violation of the Louisiana Whistleblower Statute ("LWS"). (*Id.* at ¶¶ 10–13). Thereafter, Plaintiff allegedly experienced emotional distress, including anxiety and depression. (*Id.* at ¶ 12).

In her Amended Complaint, Plaintiff asserts claims under the ARRA and LWS as well as state law tort claims of defamation and intentional infliction of emotional distress. (*Id.* at ¶¶ 13, 14, 16, 17). Plaintiff also claims that GEO is vicariously liable for Hall's actions under the doctrine of *respondeat superior*. (Doc. 24, ¶ 17). Defendants move to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 25).

## II. PROCEDURAL HISTORY

Plaintiff filed suit in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (Doc. 1-3). Thereafter, Defendants removed this matter to this Court, asserting federal question jurisdiction, 28 U.S.C. § 1331, based on Plaintiff's claims under the First Amendment; 42 U.S.C. § 1985; Title IX, 20 U.S.C. § 1681, *et seq.*; and Title VII, 42 U.S.C. § 2000e, *et seq.*

Plaintiff then moved to amend her Complaint. (Doc. 17). The Court granted Plaintiff's Motion and ordered Plaintiff to "file a comprehensive version of her Complaint," emphasizing that the "Amended Complaint should be complete and make no reference to or adopt any portion of the prior complaint." (Doc. 23, p. 3). The Court simultaneously denied Defendants' initial Motion to Dismiss Plaintiff's original Petition without prejudice, permitting Defendants to re-urge their Motion if, "after

thoroughly reviewing the comprehensive version of the Amended Complaint, Defendants still believe Plaintiff has failed to state a claim." (*Id.* at p. 4).

Plaintiff then filed her Amended Complaint, excluding all claims under the First Amendment; 42 U.S.C. § 1985; Title IX, 20 U.S.C. § 1681, *et seq.*; and Title VII, 42 U.S.C. § 2000e, *et seq.*, the alleged basis for the Court's jurisdiction in Defendants' Notice of Removal.[1] (*See generally* Doc. 24; Doc. 1). Plaintiff added a claim pursuant to the ARRA, the only remaining federal claim in this matter.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the

---

[1] Plaintiff also failed to allege the basis for the Court's jurisdiction in her Amended Complaint. (Doc. 24).

3

complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

## IV. DISCUSSION

Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc 25).

### A. Federal Claim

Defendants move to dismiss Plaintiff's ARRA claim because she failed to exhaust her administrative remedies. (Doc. 25, p. 9). Plaintiff agrees that her ARRA claim "is not yet ripe for judicial review." (Doc. 26, p. 4). Plaintiff "voluntarily dismiss[es] [her ARRA] claim without prejudice for failure to exhaust her administrative remedies." (*Id.*). Accordingly, the Court will dismiss Plaintiff's ARRA claim.

### B. State Law Claims

After dismissing Plaintiff's ARRA claim, the Court is left only with Plaintiff's state law tort claims and LWS claim. The Court has held that "[w]here federal claims are dismissed at the infancy of an action, a district court may abuse its discretion when it does not reconsider its supplemental jurisdiction over the remaining state law claims." *Tolliver v. City of New Roads*, No. CV 15-374-SDD-RLB,

4

2015 WL 5138258, at *3 (M.D. La. Aug. 28, 2015) (citing *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011) (district court abused its discretion in not remanding state law claims after federal claims were voluntarily amended away); *see also Savoy v. Pointe Coupee Parish Police Jury*, No. 15–128, 2015 WL 3773418, at *4 (M.D. La. June 16, 2015) (holding that, after voluntary dismissal of Section 1983 claim early in litigation, several factors—judicial economy, convenience, fairness, and comity—all weighed in favor of remanding the remaining claim pursuant to the Louisiana Whistleblower Statute).

The Fifth Circuit has emphasized that:

> Section 1367 authorizes a court to decline supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). ***The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial***, but this rule is neither mandatory nor absolute; no single factor is dispositive, and [the Circuit] must review the district court's decision in light of the specific circumstances of the case at bar. See *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir.1999) (citations omitted).

*Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citing 28 U.S.C. § 1367). Here, an examination of the statutory and common law factors of judicial economy, convenience, fairness, and comity guide the Court to follow the "general rule" to decline the exercise of supplemental jurisdiction. *See id.*

First, Section 1367 authorizes the Court to decline the exercise of supplemental jurisdiction when the Court has dismissed all claims over which it had original

5

jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Here, Plaintiff voluntarily dismissed all claims that provided the basis for federal question jurisdiction at the time of removal and then voluntarily dismissed her only remaining federal claim. (Doc. 24; Doc. 26).

Second, judicial economy strongly favors this result. "Judicial economy favors remand when the district court has devoted 'hardly any federal resources, let alone a significant amount of resources' to the state law claim at the time the federal claims were dismissed." *Savoy*, 2015 WL 3773418, at *3. Indeed, this matter is in its infancy.[2]

Finally, the interests of comity, fairness, and convenience also guide the Court to decline the exercise of supplemental jurisdiction. Comity recognizes that "district courts are courts of limited jurisdiction and often are not as well equipped for determinations of state law as are state courts." *Savoy*, 2015 WL 3773418, at *3 (citing *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 588–89 (5th Cir. 1992)). Fairness favors declining supplemental jurisdiction "when a state court hears purely state law claims and there is nothing in the record to suggest that either party would be prejudiced. . ." *Id.* (citing *Hicks v. Austin Indep. Sch. Dist.*,

---

[2] A review of the record shows the following. Plaintiff filed suit in state court. (Doc. 1-3). Defendants removed the case to this Court. (Doc. 1). Plaintiff moved to continue the proceedings and appoint counsel. (Doc. 5; Doc. 6). In her Motion, Plaintiff explained that her attorney was recently suspended form the practice of law, leaving her to proceed in this matter *pro se*. The Court thereafter granted a continuance in the case, providing Plaintiff the opportunity to hire new counsel to represent her. (Doc. 8). New counsel then enrolled to represent Plaintiff. (Doc. 11; Doc. 12). Plaintiff moved for leave to file an Amended Complaint. (Doc. 17). The Court granted the Motion and entered Plaintiff's Amended Complaint into the record. (Doc. 17; Doc. 23). The Court denied Defendants' Motion to Dismiss Plaintiff's initial Petition without prejudice to re-urge the Motion after consideration of Plaintiff's Amended Complaint. (Doc. 23). Defendants then filed the instant Motion to Dismiss Plaintiff's Amended Complaint, which is the subject of the instant Ruling and Order. (Doc. 25).

6

564 F. App'x 747, 748 (5th Cir. 2014)). Convenience favors remand when all parties, witnesses, and evidence are located within the jurisdiction of the same state court. *Id.* Here, the only remaining claims to be resolved sound under Louisiana law. Additionally, this case was originally filed in state court within this parish. After reviewing the statutory and common law factors, the Court finds it appropriate to decline to exercise supplemental jurisdiction over Plaintiff's state law claims after dismissing all federal claims.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants Timithia Hall, GEO Reentry Services, LLC, and The GEO Group, Inc.'s **Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) (Doc. 25)** is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claim pursuant to the American Recovery and Reinvestment Act of 2009 is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.

**IT IS FURTHER ORDERED** that the above-captioned matter be and is hereby **DISMISSED WITHOUT PREJUDICE.** A final judgment shall issue.

Baton Rouge, Louisiana, this 4th day of March, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA